## 18008.  MOBLEY v. TUFTS.

Under the evidence adduced upon the trial of the case, the verdict directed by the court was not demanded, and the court erred in directing it.

DECIDED MAY 11, 1927.

Distraint; from city court of Waynesboro—Judge Davis. January 27, 1927.

*G. C. Anderson*, for plaintiff in error.

*Fullbright & Burney*, contra.

BROYLES, C. J.  A executed a "rent note" in which she promised to pay B or bearer 3,500 pounds of middling lint cotton on September 15, 1926, at Waynesboro, Georgia.  B resided in the State of New York, and on September 15, 1926, the note was there in her possession, and it was not forwarded to Waynesboro until about September 25, 1926.  On September 14, 1926, C (the agent and husband of A) inquired of the brother of B (who had acted as B's agent in taking the rent note) as to the whereabouts of the note, and the brother told C that he did not know where the note was, but that it might be at the Bank of Waynesboro.  C, on September 15, 1926, went to the Bank of Waynesboro and asked the cashier of the bank if he had the note in question, and was told that it had not come in.  A few days later he returned to the bank and was told the same thing.  He went again to the bank on September 25, 1926, and received the same information.  In the meantime C wrote to B in New York City, asking her where he could find the note.  He received a reply dated September 23, 1926, but which was mailed at 6:30 p. m. on September 24, 1926, in which B wrote that she was "sorry about the rent note," but had mailed it to the Waynesboro Bank "this a. m. before your letter came."  On September 14, 1926, A was prepared to pay the rent note in money, but was not able either then or on the next day to pay all the cotton called for by the note.  On October 7, 1926, C went once more to the bank and found the note there. He then delivered to the bank warehouse receipts for 2,069 pounds of middling lint cotton and 1,428 pounds of strict low middling cotton, and offered to pay the bank the value of the shortage in the weight of the cotton, to wit, 3 pounds, and the difference in price of the grades of the cotton.  The offer was refused by the

Agency, 2 C. J. p. 624, n. 92, 95; p. 626, n. 7.
Payments, 30 Cyc. p. 1188, n. 84.

bank, and the cotton was accepted by the bank as a credit only upon the note, the bank claiming that A still owed B the difference between the market value of the cotton on September 15, 1926, and on October 7, 1926, the value being less on the latter date. A refused to pay this difference, and B sued out a distress warrant for the amount of the difference, which she alleged was $115.29. Upon the trial the undisputed evidence showed that this difference was more than the amount claimed by the plaintiff, and the court, on motion of counsel for the plaintiff, directed a verdict in her favor for the amount sued for, with interest from September 15, 1926, and to this judgment A (the defendant) excepted.

All agreements to pay in specifics are presumed to be made in favor of the debtor, and he has the option of paying the debt either in specifics or in money amounting to the value of the specifics; and ordinarily that value will be the market value of the specifics at the time of the maturity of the obligation, at the place where it was payable (if a specific place was mentioned in the note), with lawful interest thereon. Civil Code (1910), §§ 4270, 4271; *Dooley* v. *Wilbanks, 25 Ga. App. 34 (102 S. E. 365).* In the instant case, however, the obligation was payable at Waynesboro, Georgia, on September 15, 1926, and on that date the note was not in the possession of any agent of the creditor at Waynesboro, but was in the possession of the creditor herself in the State of New York. Under these circumstances it was not incumbent upon the debtor to pay the obligation on the date of its maturity (September 15, 1926). "Where money is due on a written evidence of debt, payment to an agent of the creditor who fails to produce the obligation is at the risk of the debtor. Non-production of the security rebuts the implication of authority arising from the agent's employment, and it must be otherwise established." Civil Code (1910), § 3578. Especially is this true where, as in this case, the note was payable to the creditor *or bearer.* It follows that the debtor was not liable to the creditor for the difference between the market value of the cotton on September 15, 1926, and on October 7, 1926, and the direction of a verdict finding the debtor so liable was error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*